IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DERRICK WILLIAMS                                                                      PETITIONER

VS.                                                        CIVIL ACTION NO 3:13cv1008-DPJ-FKB

CHRISTOPHER EPPS                                                                  RESPONDENT

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Derrick Williams is a state prisoner serving a life sentence for capital murder and ten years for theft of a motor vehicle. He filed this action seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Having considered the petition, response, and the state court record, the undersigned recommends that habeas relief be denied.

### II. FACTS AND PROCEDURAL HISTORY

Sandra Grace was a frequent customer at a BP convenience store in Meridian, Mississippi, owned and run by Mohammed Alnazaili. When she arrived at the store on the morning of August 20, 2008, she looked in from the outside and noticed that things did not appear normal: The store sign was on, the coffee pot was on but empty, and the pizza machine was on, but no clerk was inside. Grace used a pay phone to call the police. When they arrived, the police were unable to enter because the door was locked. After a locksmith unlocked the door, officers entered the store, and Alnazaili's bloody body was found in the restroom. Alnazaili had been beaten, and his hands and feet were

bound with duct tape. Investigation revealed that all the cash had been taken from the cash register and that Alnazaili's automobile was missing.

The officers found and reviewed the surveillance video, which showed that the previous night Alnazaili had been at the store when a woman entered and joined him behind the counter. Shortly thereafter, a man entered and, after purchasing a pack of cigarettes, removed a pistol from his bag and struck Alnazaili in the head with it. The man then came behind the counter, struck Alnazaili at least two more times, and dragged him to the restroom. Meanwhile, the woman locked the door and cleaned up the counter area.

Witnesses identified the woman as Izola McMillon, a recent employee at the store, and the man as Derrick Williams, McMillon's boyfriend. Entry of information for the victim's vehicle on NCIC yielded a report that the vehicle had been found burned out in Chicago. Williams and McMillon were arrested in Chicago. No weapon was ever found.

Williams and McMillon were indicted in the Circuit Court of Lauderdale County, Mississippi, for capital (felony) murder, armed robbery, and auto theft. The underlying felony for the capital murder charge was armed robbery. McMillon entered a guilty plea to armed robbery and manslaughter. Williams was tried in January of 2010. Witnesses for the state included Ms. Grace, law enforcement officers, Ms. McMillon, and a pathologist, who testified that Alnazaili died of blunt force trauma to the head. The video surveillance footage was also admitted into evidence.

The primary witness at trial for the prosecution was McMillon. McMillon testified that she and Williams had come in July of 2008 from Chicago to Meridian, where they

were staying with Morris Williams, a relative of Derrick Williams.  In Meridian, McMillon began training as an employee at the BP station.  On August 18, 2008, Morris Williams informed the pair that they could no longer stay with him because they had not paid the agreed-upon rent.  Williams told McMillon that they needed a way to return to Chicago.  At this time, McMillon, the only one of the two who had been working, possessed only $76.  McMillon said she would talk with Alnazaili about getting more hours in order to earn more money.  The next evening, she went to the station for this purpose.  A few minutes after she went in and began talking with Alnazaili, Williams entered and struck Alnazaili in the face with a handgun.  Alnazaili fell to the floor; when he tried to get up, Williams struck him again.  Williams then carried him to the bathroom.  Meanwhile, McMillon locked the door, mopped up the blood behind the counter and wiped the counter, and took approximately $1,100 from the cash register.  During this time, she could hear Alnazaili screaming in the bathroom.  About three minutes later, after the screaming had stopped, Williams returned from the bathroom and directed McMillon to grab the keys to Alnazaili's automobile.  Williams and McMillon drove to Chicago in Alnazaili's car.  The last time McMillon saw the car was when she parked it at the home of Williams's mother.

The defense called no witnesses.

The jury convicted Williams on all counts.  The court sentenced him to serve concurrent terms of life for capital murder and 20 years for armed robbery and a consecutive term of 10 years for auto theft.  Williams appealed, *pro se*.  The Mississippi Court of Appeals affirmed his convictions and sentences on the capital murder and auto theft counts but reversed and rendered on the armed robbery conviction.  *Williams v.*

*State*, 94 So. 3d 324 (Miss. Ct. App. 2012). Williams's petition for a writ of certiorari to the Mississippi Supreme Court was denied. Thereafter, Williams filed a motion for post-conviction relief, which was denied by the Mississippi Supreme Court Court.

Williams now brings the present petition, alleging the following grounds for relief:[1]

1. Williams's trial counsel rendered constitutionally ineffective assistance by failing to properly investigate the case and to call witnesses identified by Williams, and by allowing Williams to be subjected to double jeopardy.

2. The indictment was deficient and resulted in a denial of due process.

3. The statute under which Williams was prosecuted, Miss. Code Ann § 97-3-19(2)(e), was unconstitutional as applied.

4. The evidence was insufficient to convict Williams.

5. The verdict was against the overwhelming weight of the evidence.

6. The trial court's denial of proposed jury instructions D-6, D-8, and D-12 amounted to a denial of due process.

7. Williams's right to due process was denied by the trial court's failure to instruct the jury to disregard the prosecutor's comment concerning the defendant's failure to call any witnesses.

8. Williams's right to a fair trial was violated by cumulative error.

9. Williams was denied his right to counsel on direct appeal.

10. Williams was denied effective assistance of trial counsel, in that his attorney failed to properly investigate and to call witnesses for the defense, ignored indications that Williams was not guilty, and focused his attention on securing a guilty plea from Williams.

11. Williams's right to be free from double jeopardy was violated by the appellate court's allowing the capital murder charge to stand.

---

[1]Grounds one and ten are duplicative and have been combined. Additionally, some of Williams's grounds have been restated for clarity and rearranged for purposes of analysis.

### III.  ANALYSIS

#### A.  Claims Not Subject to Review

Grounds three and seven have never been presented to Mississippi's highest court.  Moreover, Williams no longer has any avenue available by which to pursue these claims in state court:  He has completed both the direct review process and the post-conviction relief process, and neither claim falls into any exception to the prohibition set forth in Miss. Code Ann. § 99-39-27(9) on the filing of successive petitions for post-conviction relief.  Thus, Williams has technically exhausted his state court remedies on grounds three and seven, and because the claims would now be procedurally barred in state court, this court may not review their merits.  *See Sones v. Hargett,* 61 F.3d 410, 416 (1995).

In ground five, Williams asserts that the verdict was against the overwhelming weight of the evidence.  This ground fails to state a cognizable claim.  It is well established that "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence." *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985).

#### B.  Claims Adjudicated on the Merits by the State Court

The remaining grounds for relief were adjudicated on the merits by the state court, either in Williams's direct appeal or in his post-conviction proceeding.  They are therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of Williams's claims involved "an unreasonable

5

application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. 28 U.S. C. § 2254(d). The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409.

*Ground Two: Defective Indictment*. Williams's indictment for capital murder charged that he

> did wilfully, unlawfully, feloniously, and knowingly kill Mohamed Alnazaili, a human being, with or without any design to effect death, by beating him with a blunt instrument, while engaged in the commission of the felony crime of Armed Robbery . . . .

[11-1] at 13, C.P. 3. In ground two of the petition, Williams contends that he was denied due process because of the indictment's failure to set out the facts of the armed robbery, the underlying offense upon which the capital murder charge was predicated.

The sufficiency of a state indictment is reviewable by a federal habeas court only where the petitioner can demonstrate that the indictment was so flawed that the trial court had no jurisdiction. *See, e.g., Evans v. Cain,* 577 F.3d 620, 624 (5th Cir.2009). "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams v. Collins*, 16 F.3d 626, 627 (5th Cir. 1994). Thus, where the state court has been

presented the question of the indictment's sufficiency on appeal and has ruled that the indictment was not fundamentally defective, federal habeas review of the issue is foreclosed. *See, e.g., Wood v. Quarterman,* 503 F.3d 408, 412 (5th Cir.2007). The Mississippi Court of Appeals determined that the indictment of Williams for capital murder was sufficient under Mississippi law. *Williams*, 94 So. 3d at 328. Accordingly, no relief is available.

*Ground Four: Insufficiency of the Evidence.* Williams argues that there was insufficient evidence to convict him. Because on appeal Williams did not raise a sufficiency of the evidence argument with regard to his conviction for auto theft, this court's analysis is limited to the capital murder conviction. Habeas relief is available for insufficiency of the evidence only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The video surveillance tape and the devastating testimony of McMillon provided ample evidence for a reasonable juror to find that Williams committed armed robbery and that he killed Alnazaili during the course of that robbery. The state appellate court so found, and that determination was objectively reasonable.

*Ground Six: Jury Instructions.* In ground six, Williams contends that the trial court erred in refusing three proposed jury instructions: D-6, which instructed the jury regarding its responsibility to determine the credibility of witnesses; D-8, which explained to the jury that the strength or weakness of the evidence was not to be measured by the number of witnesses called to testify; and D-12, which dealt with circumstantial evidence. Instructions D-6 and D-12 were withdrawn by the defense, and proposed instruction D-8

was given by the court as C-12.  Thus, there is no basis in the record for Williams's claims regarding jury instructions.

*Ground Nine:  Right to Counsel on Appeal.*  Williams was represented by retained counsel at trial.  Two days after trial, defense counsel filed a motion to withdraw, citing a break-down in the attorney-client relationship.  The motion was heard on April 20, 2010, after trial counsel argued his post-trial motions.   At the hearing, Williams made no objection to the motion.  Defense counsel informed the court that Williams had refused to sign an affidavit of poverty - a necessary prerequisite to the appointment of counsel.  Williams likewise informed the court that he was not indigent and that he intended to hire new counsel for his appeal.  The court carefully questioned Williams to make sure he understood that it would be his responsibility to obtain counsel and to file a notice of appeal.  Williams indicated that he understood.  The court granted the motion, giving Williams 30 days in which to secure new counsel and perfect his appeal.

Williams filed his notice of appeal on May 24, 2010, and on that same day filed a motion for additional time in which to retain counsel.  The court denied the motion, noting that Williams had already been granted an additional 30 days for this purpose.  Williams never retained appellate counsel.  Instead, Williams represented himself, perfecting his appeal, including paying the appeal costs, preparing briefs, and ultimately obtaining the reversal of his armed robbery conviction.

Williams now complains that he was denied his right to counsel on appeal.  Specifically, he argues that the trial court should not have allowed his attorney to withdraw without conducting a hearing comporting with the requirements of Rule 8.05 of the

8

Mississippi Uniform Rules of Circuit and County Court Practice (Miss. Unif. Cir. & Cty. R.).[2]

The record is clear that Williams understood the process for obtaining court-appointed counsel, that he refused to seek court-appointed counsel, and that he assumed responsibility for hiring new counsel. Instead of obtaining a new attorney or seeking court-appointed counsel, Williams chose to proceed *pro se*. The Fifth Circuit has found a waiver of the right to counsel under similar circumstances. In *United States v. Terry*, 449 F.2d 727 (5th Cir. 1971), the defendant discharged his retained counsel. He was given a reasonable time to retain new counsel, but failed to do so. Instead, on the day of trial, he requested appointed counsel, but the request was denied because he was not indigent, and he represented himself throughout the trial. On appeal, he argued that his right to counsel had been violated. The Fifth Circuit disagreed, holding that his failure to retain counsel was properly treated as a waiver of the right. *Terry*, 449 F.2d at 728. Similarly, in *United States v. Fowler*, 605 F.2d 181 (5th Cir. 1979), the defendant at his arraignment refused to answer questions about his financial condition. The court found that he was not entitled to appointed counsel. The defendant failed to secure counsel and moved for a continuance, but the motion was denied, and he represented himself at trial. The Fifth Circuit concluded that the defendant's failure to retain counsel operated as a waiver of his right to counsel. *Fowler*, 605 at 183; *see also United States v. Mitchell*, 777 F.2d 248, 257-58 (5th Cir. 1985) (holding that defendant's continued insistence that he be

---

[2]Miss. Unif. Cir. & Cty. R. 8.05 sets out the procedure by which a trial court is to determine whether a criminal defendant is knowingly and voluntarily waiving his right to counsel.

9

represented only by an attorney who had a conflict, and his failure to retain other counsel, operated as a waiver of the right).  The state court, in reviewing this claim, could reasonably have concluded from the colloquy at the hearing and the relevant facts that Williams waived his right to counsel on appeal.  This claim is without merit.

*Ground Eleven: Double Jeopardy*.  The Mississippi Court of Appeals reversed and rendered the armed robbery conviction, finding that Williams's conviction of both capital murder and the underlying felony violated the Fifth Amendment's guarantee that a defendant not be placed in double jeopardy of life or liberty.  Williams argues that the appellate court's reversal did not cure the constitutional violation.  He claims that instead of reversing and rendering on the armed robbery conviction, the appellate court should have reversed both convictions and remanded for a new trial on the murder charge.

The Double Jeopardy clause affords three protections to a criminal defendant: The protection against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against "'multiple punishments for the same offense' imposed in a single proceeding."  *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).  Only the last protection has any relevance in the present case. The protection against multiple punishments for the same offense is a protection against a sentencing court's "'prescribing greater punishment than the legislature intended.'"  *Jones*, 491 U.S. at 381 (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)).  Williams has not been subjected to a greater punishment than that intended by the Mississippi legislature.  While Williams may have technically served a portion of his sentence for armed robbery, he was

not subjected to any additional punishment, because he was at the same time serving his life sentence for capital murder. Under these circumstances, reversal and rendering of the armed robbery conviction, while leaving the capital murder conviction and sentence intact, was an appropriate remedy and cured the double jeopardy violation. *See id.* at 387 (holding that vacating underlying felony conviction while allowing felony murder conviction and sentence to stand provided appropriate remedy for double jeopardy violation). Williams is entitled to nothing further.

*Grounds One and Ten: Ineffective Assistance of Counsel.* Williams complains that his attorney failed to investigate the charges against him, failed to call witnesses that Williams identified, and generally focused his attention on attempting to persuade Williams to plead guilty, rather than defending him against an offense of which he was not guilty. Williams has failed, however, to identify any evidence that an investigation would have uncovered or any witness who could have testified in his defense. "To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F. 3d 356, 361 (5th Cir. 2005). Furthermore, given the overwhelming evidence against Williams and the apparent lack of any defense that would have had a reasonable likelihood of success, Williams cannot fault his attorney for attempting to convince him to enter a guilty plea.

Williams also alleges that his attorney permitted him to be subjected to double jeopardy. Williams was indicted, tried, and convicted of both armed robbery and capital murder based upon the underlying felony of armed robbery, without any objection on

11

double jeopardy grounds by defense counsel. On appeal, Williams argued that his right to be free from double jeopardy had been violated by being tried and convicted of both crimes. The state court agreed and reversed and rendered on the armed robbery. Thus, it is arguable that the performance of Williams's attorney was deficient under *Strickland*. However, Williams can show no prejudice, as the armed robbery conviction was reversed, and, as explained *supra*, that reversal wholly cured the constitutional violation.

Williams's claims of ineffective assistance are without merit. It follows that the state court's determination of these claims was not objectively unreasonable.

*Ground Eight: Cumulative Error.* Williams argues that his constitutional rights were violated by cumulative error. Federal habeas relief is available for cumulative errors only where those errors are of constitutional magnitude. *Livingston v. Johnson,* 107 F.3d 297, 309 (5th Cir.1997). Williams has identified no errors that amounted to a violation of his constitutional rights. Accordingly, the state habeas court's rejection of Williams's cumulative error claim was objectively reasonable, and relief is unavailable.

## IV.  CONCLUSION

Grounds three and seven of Williams's petition are procedurally barred. Ground five fails to raise a cognizable constitutional issue. Williams has failed to establish that the state court's adjudication of the remainder of his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based upon an unreasonable determination of the facts. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of January, 2016.

/s/ F. Keith Ball<br>UNITED STATES MAGISTRATE JUDGE