UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DERRICK WILLIAMS                                                                                          PETITIONER

v.                                                                                    CIVIL ACTION NO. 3:13cv1008-DPJ-FKB

CHRISTOPHER EPPS                                                                                       RESPONDENT

ORDER

This habeas petition filed under 28 U.S.C. § 2254 is before the Court on United States Magistrate Judge F. Keith Ball's Report and Recommendation [12]. Judge Ball recommends dismissal. Though Petitioner Derrick Williams filed an Objection [14] as to some grounds for relief, the Court finds the Report and Recommendation should be adopted in its entirety as the Order of the Court.

I.     Background

A jury found that Williams pistol whipped a convenience store shopkeeper to death, robbed the store, and then stole the shopkeeper's car. The verdict was supported by video surveillance and the testimony of Williams' girlfriend Izola McMillon who was with him in the store that night. The trial court sentenced Williams to serve concurrent terms of life in prison for capital murder and 20 years for armed robbery. He was also sentenced to a consecutive term of 10 years for auto theft.

On appeal, the Mississippi Court of Appeals affirmed the convictions on capital murder and auto theft, but reversed and rendered on the armed-robbery conviction on double-jeopardy grounds. *Williams v. State*, 94 So. 3d 324 (Miss. Ct. App. 2012). The Mississippi Supreme Court then denied writ of certiorari.

Williams raised eleven grounds for relief in his federal habeas petition.  Judge Ball recommended dismissing all of them.  Williams thereafter filed a timely objection contesting the recommendations regarding Grounds One, Two, Four, Eight, Ten, and Eleven.  Those issues will be addressed.  But the Court adopts Grounds Three, Five, Six, Seven, and Nine as unopposed and for the reasons Judge Ball stated.

II.     Analysis

The Report and Recommendation provides a thorough and accurate analysis of the legal issues.  It is not, therefore, necessary to address each argument in detail.  That said, the Court will briefly address Williams' more specific objections.

   A.     Grounds One and Ten

Grounds One and Ten raise arguments related to ineffective assistance of counsel. Williams' sole objection is that Judge Ball applied the wrong authority when he cited *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).  Judge Ball cited *Miller* regarding Williams' argument that his trial attorney failed to investigate or call certain witnesses.  *See* Report and Recommendation [12] at 11.  *Miller* states that "[t]o establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial."  420 F.3d at 361.  Even if the precise facts in *Miller* can be distinguished, the case provides the applicable legal standard for Williams' petition; a standard Williams has failed to meet.  Williams offers no other objection as to Grounds One and Ten.  So, for the reasons Judge Ball stated, those grounds are denied.

B.      Ground Two

Ground Two contends that the indictment was insufficient. In his objection, Williams continues to argue that the indictment "was defective because [i]t did not list the [u]nderlying [e]lements of [a]rmed robbery . . . ." Obj. [14] at 3. "[T]he sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (citation and internal quotation marks omitted). "That question is foreclosed to federal habeas review, however, if the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Id.* (alteration in original) (citation and internal quotation marks omitted). That is precisely what occurred here, so Ground Two is denied.

Williams also attacks the indictment on due-process grounds that overlap his eleventh ground for habeas relief. Those issues will be addressed later, but the Court notes that it is not persuaded by any of the arguments related to the indictment.

C.      Ground Four

Williams argues that "[t]he evidence was [i]nsufficient to convict petitioner because McMillion testified that they did not plan to kill [the victim]." Obj. [14] at 5 (citing [11-4] at 153–156). As an initial matter, it is not apparent that McMillion testified regarding Williams' intent. She stated, "*my* sole purpose of going there, was to try to get money . . . ." *See* Tr. [11-4] at 153. Regardless, "[t]here is nothing about [section 97-3-19(2)(e)] which requires any intent to kill when a person is slain during the course of a robbery. It is no legal defense to claim accident, or that it was done without malice." *Williams*, 94 So. 3d at 330 (alteration in original)

3

(quoting *Griffin v. State*, 557 So. 2d 542, 549 (Miss. 1990)) (internal quotation marks omitted). Finally, "[t]he Supreme Court has held that habeas relief is proper if we find 'that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)).  Even accepting Williams' argument, a reasonable jury could have convicted him based on the overwhelming evidence presented at trial.  This ground is likewise denied.

      D.     Ground Eight

Williams again contends that his "right to a fair trial was violated by cumulative error, where the state [c]ourt's [j]udgment was based upon an [u]nreasonable [a]pplication of clearly [e]stablished federal law."  Obj. [14] at 5.  Williams does not elaborate on this objection, and for the reasons Judge Ball stated, the ground is denied.

      E.     Ground Eleven

Ground Eleven contends that the conviction violated the Fifth Amendment's prohibition against double jeopardy.  As noted, the Mississippi Court of Appeals dismissed the armed-robbery charge on double-jeopardy grounds, but allowed the capital-murder conviction and sentence to stand.  In his objection, Williams argues that the state violated the "third aspect of the Double Jeopardy Clause, the protection against multiple punishments for the same offense [i]mposed in a single proceeding[]."  Obj. [14] at 4.  But Williams' sentences ran concurrently, the armed-robbery conviction was dismissed, and he has not faced "multiple punishments for the same offense."  *Brown v. Ohio*, 432 U.S. 161, 165 (1977).  This ground is denied.

Finally, Williams' request for an evidentiary hearing is denied because "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Further, Williams has failed to show why fact finding is warranted under the heavy burden set forth in § 2254(e).

III.     Conclusion

For the foregoing reasons, the Court concludes that the Report and Recommendation [12] of United States Magistrate Judge F. Keith Ball should be adopted in its entirety as the opinion of this Court and Williams' petition should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2016.

                                   s/ *Daniel P. Jordan III*
                                   UNITED STATES DISTRICT JUDGE